UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN WALTERS, *et al.*, | No. C-05-0035 PJH (EMC) |
| Plaintiffs, | |
| v. | **ORDER RE HEARING ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |
| JERRY DEAN FREY, individually and doing business as J.D. FREY EXCAVATING, | **(Docket No. 16)** |
| Defendant. | |

Judge Hamilton has referred Plaintiffs' motion for default judgment to the undersigned for a report and recommendation. Having reviewed Plaintiffs' brief and accompanying submissions, the Court hereby determines that there should be a hearing on Plaintiffs' motion. Plaintiffs' motion shall be heard on **August 31, 2005, at 10:30 a.m.**

In addition, the Court orders Plaintiffs to file supplemental briefing and/or evidence related to the following by **August 3, 2005**.

1.  Trust Agreements

According to Plaintiffs, Defendant Jerry Dean Frey is bound by the trust agreements governing the trust funds. However, it is not clear to the Court why this is the case. In spite of what Plaintiffs claim, *see* McBride Decl. ¶ 3, the project agreements between J.D. Frey Excavating and the union do not make any reference to either the trust funds or the trust agreements; rather, the project agreements simply identify the wage rates and fringe benefit rates. Furthermore, it does not appear

that the Master Agreement (incorporated by reference in the project agreements) makes reference to the trust funds or trust agreements.

Accordingly, the Court orders Plaintiffs to provide **supplemental briefing and/or evidence** demonstrating that Mr. Frey is bound by the trust agreements. Plaintiffs should also discuss how their claims under ERISA and the LMRA will be affected if Mr. Frey is *not* so bound (*e.g.*, do Plaintiffs still have a valid ERISA claim?).

2.    Unpaid Contributions

In their motion for default judgment, Plaintiffs assert that Matthew J. Trueb worked a total of 171 hours and Craig E. Smith a total of 152 hours, but the paystubs provided by Plaintiffs do not match up with these numbers. The paystubs for December 2000 and January 2001 for Mr. Trueb total 245.5 hours, not 171, and the paystubs for December 2000 and January 2001 for Mr. Smith total 184 hours, not 152. *See* McBride Decl., Ex. D (paystubs).

Moreover, it does not seem that all of the hours reflected in the paystubs should count because the relevant project agreement did not go into effect until December 4, 2000. *See id.*, Ex. A (12/4/00 project agreement). For example, none of the 32 hours on Mr. Trueb's paystub for the period November 25, 2000, to December 1, 2000, should count (that is, unless Plaintiffs show that this time period is covered by the earlier project agreement of September 22, 1999). *See id.* (9/22/99 project agreement). Nor should all of the 24 hours on Mr. Trueb's paystub for the period December 2, 2000, to December 6, 2000, count. Similarly, not all of the 40 hours on Mr. Smith's paystub for the period December 2, 2000, to December 8, 2000, should count. Unfortunately, in both cases, it is impossible to tell which hours on the paystubs for these periods should count and which ones should not.

Accordingly, the Court orders Plaintiffs to provide **supplemental briefing and evidence** as to the proper number of hours for Mr. Trueb and Mr. Smith and demonstrate how they arrived at that number.

3.    Liquidated Damages and Interest

Plaintiffs assert that they are entitled to liquidated damages and interest as specified in the trust agreements. *See id.*, Ex. C (representative trust agreement) (providing for liquidated damages

2

in "the sum of $35 per delinquency or 15% of the amount of the contribution or contributions due, whichever is greater" and interest of "twelve per cent (12% per annum) until [the contributions] are paid"). However, as noted above, it is not clear that Mr. Frey is bound by the trust agreements, whether under ERISA or the LMRA.

Accordingly, the Court orders Plaintiffs to provide **supplemental briefing and/or evidence** explaining whether Plaintiffs are entitled to liquidated damages and interest if Mr. Frey is not bound by the trust agreements (or, under ERISA, double interest under 29 U.S.C. § 1132(g)(2) pursuant to (B) and (C) with the "default" interest rate prescribed by 26 U.S.C. § 6621).

In addition, assuming that the liquidated damages and interest specified in the trust agreements do apply, the Court orders Plaintiffs to provide **supplemental briefing and/or evidence** to explain how they arrived at the final total of $2,165.01 for liquidated damages and interest. In other words, Plaintiffs should provide specific calculations supporting this sum. The Employer Statement of Account submitted by Plaintiffs, *see* McBride Decl., Ex. E, is insufficient.

**Plaintiffs should serve a copy of this order on Mr. Frey within three days of the filing of this order.**

IT IS SO ORDERED.

Dated: July 12, 2005

_____
EDWARD M. CHEN
United States Magistrate Judge